### APPEAL BY A GUARDIAN.

Court of Appeals for Knox County.

IN THE MATTER OF THE GUARDIANSHIP OF
CHARITY ANN ROBINSON.*

Decided, October Term, 1915.

*Guardian and Ward—Right of Guardian to Appeal from Order Terminating Guardianship—Bond Not Required of Guardian.*

1. A guardian has the right of appeal from an order by the probate court terminating the guardianship.
2. Such an order does not terminate the guardianship absolutely, until the right of appeal or any other statutory rights have lapsed; and inasmuch as it must be assumed that the guardian has no personal interest in the appeal, it will be regarded as taken in the interest of the trust and an appeal bond can not be required.

*Robert L. Carr* and *L. C. Stillwell,* for guardian.
*F. O. Levering, D. B. Rawlins* and *S. M. Crouch,* contra.

---

*Motion to require the Court of Appeals to certify its record in this case overruled December 7, 1915. The opinion below, which is here reversed, appears in 18 N.P.(N.S.), 286, with the action of the Supreme Court stated but with the action of the Court of Appeals omitted through an oversight.

BY THE COURT (Shields, Powell and Houck, JJ.).

The question presented in this case for adjudication arises as follows:

Charity Ann Robinson was adjudged an imbecile in the probate court of this county, and a guardian was appointed for her some time in the year 1913. After various motions had been filed and disposed of the said Charity Ann Robinson filed a motion in the probate court, on the 9th day of February, 1915, for the termination of the guardianship, which motion was finally heard and disposed of March 15th, 1915, and on that date the judge of the probate court entered an order in which he declared the guardianship of said Charity Ann Robinson terminated, and ordered her guardian to file an account, as required by Section 11010 of the General Code. Afterward, within the time prescribed by law for that purpose, the guardian filed a notice of his intention to appeal from the order of the probate court to the court of common pleas. No bond was filed by the guardian to perfect such appeal.

A motion was then filed by Charity Ann Robinson, in the court of common pleas, to dismiss the appeal upon two principal grounds: first, that the order from which an appeal was attempted to be taken was not appealable; second, that if the same was appealable the gardian in attempting to appeal should have filed a bond, as it was not an appeal in the interest of his trust as such guardian. This motion was heard in the court of common pleas and sustained, and the appeal was dismissed; whereupon this proceeding in error was commenced in this court to reverse the judgment of the court of common pleas.

It is insisted in argument upon the part of Charity Ann Robinson that the probate court has final jurisdiction in the matter of terminating guardianship, and having such final jurisdiction the case was not appealable. The court is of the opinion, under the authority of the 45th Ohio State, at page 702, that the cause is appealable. In the case cited application was made by a ward who had been adjudged an imbecile that an order be entered terminating such guardianship, on the ground mentioned

in the statute, namely: that the order was improperly made in the first instance; or, if not so, then that the ward had been restored to reason. The motion in that case was overruled, and an appeal taken by the ward, and the court sustained the right of appeal; and it is difficult for this court to see how, if the case was appealable as to one party, it would not also be appealable by another party who might be affected by such order. In other words, the ward alone is not the only party to a proceeding of that kind, although no provision is made for notice to any other parties; but as the effect of such an order is to remove and discharge the guardian he would be a party affected thereby, and therefore would have the right of appeal.

More difficulty has been experienced by the court as to whether or not an appeal taken by the guardian upon a notice in writing merely, as provided by the statute for the appeal of parties who appeal in the interest of their trust, would apply in cases of this kind, or whether the guardian or other person attempting to appeal should give a bond. Upon consideration of the matter the court has arrived at the conclusion that a guardian has no personal interest in the matter of the guardianship, or at least ought not to have, and that if an appeal is taken it is taken only in the interest of the trust. It is contended, however, that the trust terminates with the order, and therefore no appeal can be taken in the interest of the trust. But we think that an order terminating the guardianship does not terminate it absolutely until the right of appeal or any other statutory rights that might attach thereto have terminated, and that such right would exist without regard to the absolute character of the order terminating the guardianship made in the probate court.

Viewing this case as we do, the court thinks that the judgment of the court of common pleas dismissing the appeal was erroneous and should be reversed, and the cause should be remanded to the court of common pleas for hearing upon the merits of the motion to terminate such guardianship.

Exceptions may be noted.